## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CITGO PETROLEUM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0716-CVE-SAJ |
| | ) | |
| KRYSTAL GAS MARKETING | ) | |
| COMPANY, INC., a/k/a KGME, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Assess Prejudgment Interest (Dkt. # 64).  On

September 12, 2006, the Court determined that plaintiff CITGO Petroleum Corporation ("CITGO")

was entitled to summary judgment on its breach of contract claim in the amount of $247,496.79.

Dkt. # 62.  Now plaintiff moves for an assessment of prejudgment interest in the amount of

$51,644.32, using interest rates set forth under OKLA. STAT. tit. 12, § 727.1, on the ground that

CITGO's damages were capable of determination twelve (12) days after the date of each invoice at

issue.  Defendant Krystal Gas Marketing Company ("Krystal") argues that, under the equitable

doctrine of laches, plaintiff is barred from an award of prejudgment interest since it did not file suit

for over two years after the invoices became due.

Prejudgment interest in a diversity action is a substantive matter governed by state law.

Webco Indus., Inc. v. Thermatool Corp., 278 F.3d 1120, 1134 (10th Cir. 2002).  "Prejudgment

interest serves to compensate for the loss of use of money as damages from the time the claim

accrues until judgment is entered, thereby achieving full compensation for the injury those damages

are intended to redress."  Withrow v. Red Eagle Oil Co., 755 P.2d 622, 624 (Okla. 1988) (citations

omitted).  Under Oklahoma law, "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."  OKLA. STAT. tit. 23, § 6.  Oklahoma courts interpret the statute such that "[i]nterest may run from the date that the claim was both certain and the party had a right to the principal."  Heiman v. Atlantic Richfield Co., 891 P.2d 1252, 1258 (Okla. 1995).

Plaintiff states that Oklahoma law provides the rate of prejudgment interest in OKLA. STAT. tit. 12, § 727.1.  While OKLA. STAT. tit. 12, § 727.1 does concern prejudgment interest, it does not apply to contract actions.  On the contrary, it concerns verdicts for damages by reason of personal injuries or injury to personal rights.  With respect to contract actions, in the absence of an agreement as to the rate of interest, Oklahoma law provides that the rate of interest is six percent (6%).  OKLA. STAT. tit. 15, § 266 ("The legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be authorized by law, now in effect or hereinafter enacted."); see 7 OKLA. TRIAL PRAC. § 24.19 ("If the contract that is the subject of the action does not specify a rate of prejudgment interest, the rate of prejudgment interest is six percent.").  Here, there is no prejudgment interest rate set forth in the contract.  Therefore, any prejudgment interest assessed will be calculated with a rate of six percent (6%), not the rates set forth under OKLA. STAT. tit. 12, § 727.1.

Krystal argues that CITGO's motion is barred in full by the equitable doctrine of laches because CITGO brought its claim more than two years after the invoices became due.  It claims, "[CITGO's] delay is unreasonable and, if, permitted will work to cause extreme prejudice to

Krystal." Dkt. # 70, at 1. Laches is an equitable defense and "is defined as neglect for an unreasonable and unexplained length of time." <u>Parks v. Classen Co.</u>, 9 P.2d 432, 435 (Okla. 1932). However, defendant fails to provide any evidence that plaintiff acted unreasonably in filing this motion two years after the invoices became due. In fact, in its September 12, 2006 opinion and order, this Court determined that "CITGO in no way failed to take appropriate action upon learning that Krystal was insolvent." Dkt. # 62, at 8. When CITGO learned of Krystal's insolvency, it granted and periodically reviewed an extension of credit to Krystal and engaged in settlement conversations with Krystal. The delay in filing suit, therefore, was not unexplained or inexcusable.

Other than the laches argument, defendant offers no reason why plaintiff is not entitled to prejudgment interest. Therefore, in accordance with OKLA. STAT. tit. 23, § 6 and OKLA. STAT. tit. 15, § 266, the Court determines that plaintiff is entitled to prejudgment interest based on a rate of six percent (6%).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Assess Prejudgment Interest (Dkt. # 64) is **granted in part**. The Court grants plaintiff's motion for prejudgment interest; however it determines that the applicable interest rate is six percent (6%).

**IT IS FURTHER ORDERED** that the plaintiff shall submit a proposed judgment for prejudgment interest, agreed as to form by defendant, no later than **October 16, 2006.**

**DATED** this 11th day of October, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT