# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CITGO PETROLEUM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-716 CVE/SAJ |
| | ) | |
| KRYSTAL GAS MARKETING COMPANY, | ) | |
| INC., a/k/a KGME, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Comes on for determination Defendant's Objection to and Motion to Quash Citgo Petroleum Corporation's Subpoena [Dkt. #82], Request for a Protective Order [Dkt.# 83], and Motion for Sanctions [Dkt.#86], and the Court, having reviewed the argument and authority presented by the parties, finds a hearing is not necessary and enters the following Opinion and Order.

The subpoena is question was served on Defendant Krystal Gas Marketing Company, Inc., ("Krystal") on October 30, 2006, and contains three separate requests which pertain to the pending Application for Attorney Fees referred to the undersigned for report and recommendation. The requests are:

1. All invoices sent by you to your client in CITGO Petroleum Corporation v. Krystal Gas Marketing Company, Inc., U.S. Dist. Court for the N. Dist. Court for the N. Dist. Of Okla.-Case No. 05-CV-716-CVE-SAJ.

2. All documents reflecting hourly rates charged for work performed by you or at your request in CITGO Petroleum Corporation v. Krystal Gas Marketing Company, Inc., U.S. Dist. Court for the N. Dist. Court for the N. Dist. Of Okla.-Case No. 05-CV-716-CVE-SAJ.

1

3. All documents reflecting particular tasks performed by you or at your direction in CITGO Petroleum Corporation v. Krystal Gas Marketing Company, Inc., U.S. Dist. Court for the N. Dist. Court for the N. Dist. Of Okla.-Case No. 05-CV-716-CVE-SAJ and the amount of time spent on each task.

Krystal asserts the requests are overly broad, unreasonable, and impose an undue burden on Krystal, request information that is irrelevant to establishing the reasonableness of Citgo's fees, require disclosure of the attorney work product and attorney-client privileges, and violate public policy. Krystal urges a Protective Order should be entered to prevent the disclosure of the documents sought. Krystal also asks the Court to enter an appropriate sanction, including attorney fees, against CItgo for issuing the Subpoena. Krystal cites to numerous cases in which motions to quash on this issue have been sustained, none of which are from the Tenth Circuit.

In response, Citgo cites to the Tenth Circuit case of *Hernandez v. George*, 793 F.2d 264 (10th Cir. 1986), which ironically upholds a trial court's denial of a motion to compel disclosure of fees and hours of opposing counsel.   However, *Hernandez* is cited, not for the result but for the standard of review, that being abuse of discretion.  Citgo urges that under this standard of review, this Court's decision is entitled to great weight under *Hernendez*.

The parties acknowledge there is a split of authority on the issue. Cases in support of production include *McGinnis v. Kentucky Fried Chicken of California*, 51 F. 3d 805 (9th Cir. 1994), in which the court considered the fact that plaintiff's requested fees in the disability discrimination action were less than defendants fees. The court noted defendants had launched a particularly vigorous, but ultimately unsuccessful defense.  Defendant urged the court should reduce plaintiff's duplicative pretrial time because the case was a

2

simple one, not requiring multiple attorneys. The court found defendant counsel's time to be relevant, noting "the company's argument might have more weight if it had not found it necessary to spend considerably more money losing than its adversary spent winning."

In *Blowers v. Lawyer's Cooperative Publishing Co.*, 526 F. Supp. 1324 (W.D.N.Y. 1981), the court allowed discovery of opposing counsel's time defending a Title VII employment discrimination action, but not the amount of legal fees expended. Defendant argued, as is urged in the case at bar, that the information sought was irrelevant and privileged. The court determined the time spent by opposing counsel could be relevant to a determination as to whether the loadstar amount from which the court must begin its calculation of allowable fees should be decreased or increased.  Adopting reasoning similar to that of the *McGinnis* court, the court found that counsel's skillful representation regarding an issue that was defended with particular zeal could be relevant to an upward revision of the loadstar amount.

The Court finds the analysis of the court in *Naismith v. Professional Golfers Association*, 85 F.R.D. 552  (N.G. 1979), to be most persuasive. In discussing the relevance of opposing counsel's hours, the *Naismith* court quoted *Stastny v. Southwestern Bell Tel. & Rel. Co.*, 77 F.R.D. 662 (W.D.N.C.1978), also relied upon by *Blowers*, which stated:

> Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable.

The court concluded it need not decide how much weight to place on opposing counsels' hours  in ruling on  the motion to quash, but rather found they were at least minimally

3

relevant.  The court disagreed with *Mirabel v. General Motors Acceptance Corp.*, 576 F.2d

729 (7th Cir. 1978),  and *Samuel v. University of Pittsburg*, 80 F.R.D. 293 (W.D. Pa. 1978),

both of which relied upon at least two factors in reaching the opposite conclusion,  those

being that defendants' counsel may place more precedential value on a case than do

plaintiffs' counsel, and plaintiffs' attorneys may pursue frivolous claims and/or motions to

increase the amount of time spent by defendants' attorneys.  *Samuel* expressed views

based upon the experience of the trial judge that the representation of defendants inevitably

requires more time, thereby discounting any possible relevance of comparing attorney

hours for the purpose of determining reasonableness of attorney fees.  *Naismith* notes this

but ultimately concludes the trial court can discern whether one party to  litigation was more

involved, and why, in weighing the evidence presented.

Production of billable rates was also challenged in *Naismith* on the grounds of

relevance.  *Naismith* followed the rationale in *Statsky* on this issue as well, citing to the Fifth

Circuit case of *Johnson v. Georgia Hwy. Exp.Co.*, 488 F.2d 714 (5th Cir. 1974) and

concluding the billable rates are relevant "to show the reasonableness of plaintiffs in hiring

high-priced counsel" to the extent defendants may have obtained high-priced counsel.

Accordingly, the Court finds the Motion to Quash as to Request number 1 as set

forth in the subpoena should be denied.  The requested documents shall be produced

within 10 days.

The Court finds the Motion to Quash as to Request number 2 as set forth in the

subpoena should be granted as currently worded. However, the Court finds the request

should be amended to replace the word  "documents" with the word  "invoices" and as

amended, the motion to quash should be denied and the documents produced within 10

4

days.

The Court finds the Motion to Quash as to Request number 3 as set forth in the subpoena should be granted. The Court finds the request is overly broad.

The Court finds Krystal may redact any references it deems to be attorney work product or attorney client privilege as long as the redactions are clearly indicated.

The Court further finds Krystal's motion for protective order should be  granted in part and denied in part as set forth above.

IT IS THEREFORE ORDERED that Defendant's Objection to and Motion to Quash Citgo Petroleum Corporation's Subpoena [Dkt. #82] is denied in part and granted in part as set forth herein and Request  for a  Protective Order [Dkt.# 83] is granted in part and denied in part as set forth herein.  Request for Sanctions [Dkt. # 86 ] is denied.

IT IS FURTHER ORDERED that Citgo shall file reply brief on or before January 5, 2007.  Hearing on the Motion for Attorney Fees shall be held at 1:30 p.m. on January 18, 2007 in Courtroom #2,  third floor of the Page Belcher Federal Building.  Exhibit and witness lists shall be submitted on or before Friday, January 12, 2007.

DATED THIS 13th  DAY OF DECEMBER, 2006.

Sam A. Joyner
United States Magistrate Judge